UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
STEVEN D. FLICKER,

     Plaintiff,

  -against-

LT ONLINE CORPORATION f/k/a/
LAWTRAC DEVELOPMENT
CORPORATION
--------------------------------------------------------X

**MEMORANDUM AND ORDER**

Civil Action No. 07-1144

**APPEARANCES:**

**HOWREY LLP**
Attorneys for Plaintiff
Citigroup Center
153 East 53rd Street, 54th Floor
New York, New York 10002
By: James G. McCarney, Esq.
   Sean D. McAndrew, Esq.

**FULBRIGHT & JAWORSKI, L.L.P.**
Attorneys for Defendant
666 Fifth Avenue
New York, New York 10103
By: James H. Neale, Esq.
   Craig E. Rubin, Esq.

**HURLEY, Senior District Judge**:

  Plaintiff Steven D. Flicker ("Plaintiff") originally commenced this action in state court seeking damages for breach of contract, violations of the New York Labor Law and the Employee Retirement Income Security Act of 1974 ("ERISA"), as well as for a declaratory judgment. Defendant LT Online Corporation ("Defendant") removed the action to this Court and thereafter moved to dismiss the claims relating to the New York Labor Law and the declaratory judgment. While the motion to dismiss was pending, Plaintiff filed an amended complaint in

which he withdrew his federal claim under ERISA. The amendment was made as of right pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.[1] With that amended complaint, Plaintiff filed a notice suggesting that, because he was withdrawing his federal claim which had formed the basis for removal, "there remains no federal subject matter jurisdiction requiring that the case be remanded under 28 U.S.C. § 1447(c)."

Thereafter, the Court directed the parties to address the question of jurisdiction. The parties have filed memoranda on the issue and the matter is now ripe for disposition. Also before the Court is Defendant's motion for sanctions. For the reasons set forth below, the Court remands this matter to the state court and denies the motion for sanctions.

**Discussion**

The parties agree that this action was properly removed and that the Court has subject matter jurisdiction. That is indeed correct. In order to determine if removal is appropriate, a court must consider the complaint at the time of removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *Vera v. Saks and Co.*, 335 F.3d 109, 116 n.2. (2d Cir. 2003). Even if the federal question giving rise to federal subject matter jurisdiction is later withdrawn, "[t]he modern rule . . . is that a federal court [has] the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceeding." *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 399 F. Supp. 2d 356, 363 (S.D.N.Y. 2005) (quoting *Watkins v. Grover,* 508 F.2d 920, 921 (9th Cir. 1974) (internal citations omitted)).

The parties also agree that under 28 U.S.C. § 1367(c)(3) the Court has discretion whether

---

[1] The filing of the amended complaint rendered the motion to dismiss the original complaint moot.

2

to exercise supplemental jurisdiction over the remaining state claims. It is as to how the Court should exercise its discretion, that the parties disagree. Plaintiff asserts that because he "voluntarily discontinued [his] sole federal claim at the very outset of this litigation before the Court rendered any opinions, or any discovery was conducted, the Court must decline to exercise supplemental jurisdiction . . . and remand the case to the state court." Pl.'s Mem. at 2. Defendant counters that remand is inappropriate because of "Plaintiff's dilatory conduct." Def.'s Mem. at 3-4.

Having considered the parties' position, the Court finds that it would be inappropriate to retain jurisdiction. This case now involves only state law claims, rendering remand consistent with the comity interest that informs the doctrine of supplemental jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 351 (1988). There will be no inefficiencies or inconvenience associated with a remand as this case has not progressed very far. *See, Cox v. North Shore Univ. Hosp.,* 2006 WL 1720388 (E.D.N.Y. 2006) (citing *Valencia v. Lee,* 316 F.3d 299, 306 (2d Cir. 2003)). Finally, "the state court was the forum of plaintiff's choice, an interest that is entitled to some consideration." *Hernandez v. Lutheran Medical Center*, 2002 WL 31102638.

Defendant's argument that Plaintiff has evidenced bad faith by not filing his amended complaint until after Defendant served its motion to dismiss is unpersuasive. Plaintiff's amendment was of right pursuant to Rule 15 of the Federal Rule of Civil Procedure and the delay was not prolonged. Less than three months of the delay referred to by Defendant can be attributed to the Plaintiff. Nor is the Court persuaded by Defendant's argument that it "will have to start from scratch in state court and its substantial efforts in this Court would be wasted . . . ."

3

Def.'s Mem. at 4. Surely Defendant shall be able to use its already prepared motion papers with little adjustment should it wish to pursue dismissal in the state court.

In sum, the Court finds that the appropriate exercise of its discretion requires remand of this case to the state court.

The Court now turns to Defendant's request for sanctions. This request is premised on the contention that Plaintiff withheld the amended complaint "that could have been made at any time" thereby "induc[ing] the [Defendant] and the Court to expend resources . . . so that [Defendant] would have to relitigate the same issues in state court." Def.'s Mem at 6. However, as noted above, Plaintiff's amendment was as of right and any delay in making the amendment was not prolonged sufficiently for this Court to ascribe bad faith to Plaintiff. The motion for sanctions is denied.

## Conclusion

Defendant's motion to dismiss and cross-motion for sanctions are denied. This matter is hereby remanded to the New York State Supreme Court, County of Kings.

**SO ORDERED.**

Dated: Central Islip, New York
      October 25, 2007

/s/_____
Denis R. Hurley
Senior District Judge